**BREEDS, Plaintiff-Appellant, v. McKINNEY, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24881. Decided December 16, 1959.

Simon & Goldsmith, for plaintiff-appellant.
Nelson G. Karl, for defendant-appellee.

## OPINION

Per CURIAM:
Under date of October 30, 1959, the following entry was made:

"Judgment dismissing plaintiff's proceedings in aid of execution and enjoining plaintiff from enforcing her judgment against the defendant for the reason that said judgment debt had been discharged in bankruptcy is reversed and final judgment for the plaintiff entered on said motion for the reason that the debt of the judgment as journalized by the trial court shows that it was the result of the defendant's reckless, willful and wanton conduct, which was the proximate cause of her injury, and that said judgment debt is, therefore, not dischargeable in bankruptcy. See Section 3332, Remington on Bankruptcy, Vol. 8, Sixth Edition."

The matter now comes before this court upon the application of the appellee for rehearing.

In the instant case, the petition charges "that the defendant, who had been operating his automobile in a general easterly direction on East Memorial Shoreway, while in a highly intoxicated condition and while under the influence of intoxicating liquors, carelessly, negligently, recklessly, willfully and wantonly drove his automobile over and across the center lane of such highway while going at an illegal and unlawful speed, to-wit: 70 miles per hour, and ran into and collided with plaintiff's automobile, thereby causing the injuries to plaintiff" which are set forth at some length in said petition.

The defendant-appellee did not file an answer to the petition, and, consequently, in due course, judgment was entered against defendant-appellee by default in the sum of $105,400.00, and the costs of the action. There are certain salient facts set forth in the pleadings, such as 1) drunken driving, 2) traveling at a high and unlawful rate of speed, 3) crossing over the center line onto the wrong side of the road, which, considered in the aggregate, amount to willful and malicious misconduct.

The trial court, by its journal entry, stated the following:

"The Court being fully apprised in the premises finds that the defendant has been guilty of reckles, willful and wanton conduct and has been guilty of carelessness and gross negligence as a direct and proximate result of which the plaintiff was injured and damaged, and that she is entitled to judgment as prayed for in her petition."

In our opinion, the facts as set forth in the record, to which our judgment must be confined, bring the case squarely within the rules set forth in Volume 8, Remington on Bankruptcy, Section 3332, wherein it is stated:

"Drunken driving, if established, gives rise to a nondischargeable liability for damage or injury chargeable to it, and if it is accompanied by such other circumstances as high speed and driving on the wrong side of the road, the aggregate recklessness even more clearly amounts to wilful and malicious misconduct.

"* * * But a default judgment expressly reciting that the defendant 'wantonly, willfully, and without regard to the safety of the plaintiff' did the act causing the injury may be regarded as conclusive."

It is our view, upon a careful consideration of the applicable law on this subject as applied to the facts set forth in the record, that defendant's conduct was such that he may not sit idly by and permit a default judgment to be taken against him and then proceed to file a petition in bankruptcy for the purpose of discharging a debt so wantonly, willfully, maliciously and criminally incurred.

We hold, therefore, that the debt incurred is a nondischargeable liability for damage or injury and that the words "carelessness" and "negligence" may be regarded as surplusage. Therefore, we must adhere to the judgment heretofore rendered herein.

A journal entry may be prepared in accordance with the previous entry made on October 30, 1959.

HURD, PJ, KOVACHY and SKEEL, JJ, concur.